```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KJD, INC.,                                             :
                                                       :
                              Plaintiff,               :     **MEMORANDUM AND ORDER**
                                                       :     **ADOPTING REPORT AND**
                                                       :     **RECOMMENDATION**
              -against-                                :     15-CV-507 (DLI) (RML)
                                                       :
QUEENS BALLPARK COMPANY, INC.,                         :
                                                       :
                              Defendant.               :
-------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff KJD, Inc. ("KJD" or "Plaintiff") initiated this diversity action against Defendant Queens Ballpark Company, Inc. ("QBC" or "Defendant") on February 2, 2015, by filing a Complaint alleging: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment. *See* Complaint ("Compl."), Dkt. Entry No. 1 at ¶¶ 29-43.

On April 9, 2015, QBC moved to dismiss the Complaint for failure to state a claim. *See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Compl. ("Def. Br."), Dkt. Entry No. 10-4. Plaintiff opposed QBC's motion on June 17, 2015. *See* Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss ("Opp. Br."), Dkt. Entry No. 14. QBC filed its reply papers on July 10, 2015. *See* Mem. of Law in Further Supp. of Def.'s Mot. to Dismiss the Compl. ("Reply Br."), Dkt. Entry No. 16.

On June 30, 2016, this Court referred QBC's Motion to Dismiss to United States Magistrate Judge Robert M. Levy for a Report and Recommendation ("R & R"). The magistrate judge issued his R & R on July 29, 2016, and recommended that the Court grant QBC's motion to dismiss. *See* R & R, Dkt. Entry No. 17. The magistrate judge recommended that QBC's motion be granted because: (1) the purported contract was governed by, but did not comply with, New York State's Statute of Frauds; (2) QBC could not have breached the implied covenant of good faith and fair

dealing because it was not a party to a contract giving KJD exclusive rights to sell kosher flavored ices at Citi Field; and (3) the unjust enrichment claim was improper, as it was duplicative of the breach of contract claim. *See* R & R at 3-9. On August 12, 2016, Plaintiff timely filed objections to the R & R. *See* Pl.'s Objs. to the Mag. Judge's R & R on Def.'s Mot. to Dismiss ("Objs."), Dkt. Entry No. 18. QBC filed its response to Plaintiff's objections on August 26, 2016. *See* Def.'s Resp. to Pl.'s Objs. to the Mag. Ct.'s R & R to Dismiss the Compl. ("Objs. Resp."), Dkt. Entry No. 19.

For the reasons set forth below, the R & R is adopted.[1]

## DISCUSSION[2]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, if a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) (explaining that to allow "a rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). Similarly, the Court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks

---

[1] Although this Court came to the same dispositive results as the magistrate judge, I differ in the rationale used to conclude that the unjust enrichment claim should be dismissed, as discussed in greater detail in § C, *infra*.

[2] The Court assumes the parties' familiarity with the facts as outlined in the R & R. *See* R & R at 1-2.

2

omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Plaintiff raises four objections: (1) a September 26, 2007 e-mail from Greg Stangel, Director of Corporate Sales and Services with the New York Mets ("2007 E-mail") "[i]ndependently [s]atisfies the Statute of Frauds," or, in the alternative, has been ratified (Objs. at 10-12); (2) a letter from QBC to KJD, dated January 23, 2008 and signed by KJD's agent on January 31, 2008 ("2008 Letter") "[i]ndisputably [s]atisfies the Statute of Frauds" and incorporates the terms of the 2007 E-mail (Objs. at 8-9); (3) the magistrate judge "erred" in finding the unjust enrichment claim duplicative of the breach of contract claim (Objs. at 13-14); and (4) the magistrate judge should have granted Plaintiff leave to amend (Objs. at 3 n.2).[3]

### A. The Statute of Frauds

Plaintiff presently argues for the first time that the 2007 E-mail and 2008 Letter each satisfy the Statute of Frauds. Objs. at 8-12. These arguments could and should have been addressed before the magistrate judge. However, in a footnote in its reply brief, QBC argued that these documents do not satisfy the Statute of Frauds (*see* Reply Br. at 6 n.7), and the magistrate judge considered these documents in deciding whether the Statute of Frauds was satisfied. Accordingly, the Court reviews the objections for clear error. *Rolle*, 2014 WL 4662267, at *1 (internal citations omitted).

Under New York State law, if an agreement cannot be "performed within one year from the making thereof," it must comply with the Statute of Frauds. N.Y. GEN. OBLIG. LAW § 5-701(a)(1). "To satisfy the [S]tatute of [F]rauds, a writing must identify the parties, describe the

---

[3] Plaintiff does not object to the dismissal of its claim for breach of the covenant of good faith and fair dealing. *See generally* Objs. Having reviewed that portion of the R & R for clear error, the Court adopts the magistrate judge's recommendation and dismisses that claim.

3

subject matter, state all the essential terms of an agreement, and be signed by the party to be charged." *Durso v. Baisch*, 37 A.D.3d 646, 647 (2d Dep't 2007) (quoting *Urgo v. Patel*, 297 A.D.2d 376, 377 (2d Dep't 2002)). Since the contract at the heart of this dispute is purportedly "for *a ten-year period* beginning with the 2009 Major League Baseball season and ending in 2018," the Statute of Frauds applies. Compl. at ¶ 1 (emphasis added).

> ***i.   The Magistrate Judge Properly Found that the 2007 E-mail Does Not Comply with the Statute of Frauds***

The magistrate judge found that the 2007 E-mail did not comply with the Statute of Frauds because it failed to identify QBC or KJD. R & R at 6. KJD argues that the analysis was faulty, since Plaintiff actually pled that the parties in the 2007 E-mail were acting on behalf of others. *See* Objs. at 10-11.

"In order to satisfy the [S]tatute of [F]rauds, the memorandum must, on its face and without the addition of parol evidence, contain the essential terms of the agreement." *Miller v. Tawil*, 165 F. Supp.2d 487, 494 n.10 (S.D.N.Y. 2001) (quoting *Ginsberg Mach. Co. v. J & H Label Processing Corp.*, 341 F.2d 825, 828 (2d Cir. 1965)); *see also Durso v. Baisch*, 37 A.D.3d at 647 (identification of the parties is an "essential" term of an agreement); *Suffolk Cnty. Water Auth. v. Vill. of Greenport*, 21 A.D.3d 947, 948 (2d Dep't 2005) ("Whether an agreement is ambiguous is a question of law for the courts to be determined in examining the four corners of the writing, not outside sources.") (citing *Kass v. Kass*, 91 N.Y.2d 556, 556 (1998)). There is no reference to either KJD or QBC anywhere within the four corners of the 2007 E-mail. *See generally*, Objs. at Ex. 1. However, there are references to the New York Mets, the Brooklyn Cyclones, Citi Field, and

Kosher Sports, Inc. ("KSI"). *Id*. Since the 2007 E-mail does not identify clearly the parties to the alleged contract, it cannot satisfy New York State's Statute of Frauds.[4]

Based upon the foregoing, it was not clearly erroneous for the magistrate judge to conclude that the 2007 E-mail does not satisfy the Statute of Frauds for want of identifying the parties. Plaintiff's objection is overruled.

### ii. *The Magistrate Judge Properly Found that the 2008 Letter Did Not Satisfy the Statute of Frauds*

As for the 2008 Letter, the magistrate judge determined that this document was "primarily an advertising agreement," and did not contain the rights and obligations KJD sought to enforce. R & R at 7. Without citing to any supporting precedent, KJD disputes the magistrate judge's conclusion, and argues that the 2008 Letter "is an enforceable agreement that satisfies the [S]tatute of [F]rauds," and incorporates the terms of the 2007 E-mail. Objs. at 8-9.

There is no clear error in the magistrate judge's analysis of the 2008 Letter. The document does not signal an unconditional commitment by QBC to sell only KJD's flavored ices at Citi Field; nor does it say anything about the number of locations KJD would have or where those stations would be within the stadium. *See* Objs. at Ex. 2. In fact, by Plaintiff's own admission, the 2008 Letter does not contain "key" rights and obligations (for example, the number of cart locations or the division of sale proceeds) that it now attempts to enforce. *See* Objs. at 5. Rather, the 2008 Letter only burdens QBC with a duty to restrict Aramark's kosher flavored ice sales to KJD's product *so long as* KJD enters into an independent contract with Aramark. Objs. at Ex. 2.

---

[4] Furthermore, the 2007 E-mail clearly anticipates preparing "letters of agreement." Objs. at Ex. 1. This language "expressly anticipate[s] future preparation and execution of contract documents," and counsels against finding an intent to be bound by the terms of that document. *Tawil*, 165 F. Supp.2d at 492 (internal citations and quotation marks omitted).

Although Plaintiff does not address the previous litigation between QBC and KJD's sister company, KSI, the Court finds that encounter helpful. In *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, No. 10-CV-2618 (JBW) (RLM), 2012 WL 553125 (E.D.N.Y. Feb. 21, 2012), the parties argued over an almost identical letter between KSI (a sister company of KJD) and QBC that, like the 2008 Letter, was dated January 23, 2008 and signed on behalf of KSI on January 31, 2008.[5] There, the court reasoned:

> The Contract does not, as KSI argues, "give KSI the right to sell its products at all events during the ten-year term of the Agreement." The Contract *principally covers advertising*, not product vending issues. KSI's product-selling rights are the subject of a separate agreement between KSI and Aramark, which is not a party to this suit. The Contract's passing reference to "product distribution rights," read in context, does not grant KSI any right against QBC to sell its products at the stadium; the language refers to QBC's promise to prohibit Aramark from selling other brands of kosher products.

*Kosher Sports, Inc.*, 2012 WL 553125, at *1 (internal citations omitted) (emphasis added). The Second Circuit affirmed the court's decision and agreed that the unambiguous terms of the letter said nothing about the right to sell particular items at particular places at particular times. *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 513 F. App'x 106, 108 (2d Cir. 2013). This logic applies here, as the 2008 Letter suffers from these same infirmities.

Moreover, KJD's argument that the 2008 Letter incorporates the terms of the 2007 E-mail, thereby making the 2007 E-mail an enforceable contract, similarly is flawed. The "incorporation" language KJD relies upon reads as follows: "This letter shall be a binding and enforceable agreement and absent the execution of a more formal contract, a court may supply consistent additional terms as necessary to carry out the parties' intent." Objs. at Ex. 2. This language does not permit the Court to graft the terms of the unenforceable 2007 E-mail into the 2008 Letter.

---

[5] *See Kosher Sports, Inc.*, No. 10-CV-2618 (JBW) (RLM), Dkt. Entry No. 127-5.

"Under New York law, a written contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language they have employed." *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000) (citing *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355 (1978)). In fact, "[c]onstruing an unambiguous contract provision is a function of the court, rather than a jury, and matters extrinsic to the agreement may not be considered when the intent of the parties can be fairly gleaned from the face of the instrument." *Id*. (citing *Teitelbaum Holdings, Ltd. v. Gold*, 48 N.Y.2d 51, 56 (1979)). Here, there is no ambiguity in the 2008 Letter and no basis to conclude the parties intended to include the terms of the 2007 E-mail. The magistrate judge's analysis was not clearly erroneous, and this objection is overruled.

**B.     Ratification Doctrine**

Without identifying a legal principle, Plaintiff argues that QBC "repeatedly reaffirmed" its commitment to the obligations in the 2007 E-mail and lists examples of such conduct. *See* Objs. at 9, 12. KJD argued this point before the magistrate judge. *See* Opp. Br. at 17-18. As such, this objection is reviewed for clear error. *Rolle*, 2014 WL 4662267, at *1 (internal citations omitted).

While Plaintiff never specifically has identified a legal theory or used the phrase "ratification," that is what it attempts to argue. *See* Objs. at 9, 12. In New York State, "[t]he doctrine of ratification presupposes the existence of a contract *which by all appearances is valid and binding*, but which a party may avoid or disaffirm because of legal incapacity, lack of authority, or the party's unwillingness or absence of intent to enter into it on the terms stated." *Leasing Serv. Corp. v. Vita Italian Rest., Inc.*, 171 A.D.2d 926, 927 (3d Dep't 1991) (emphasis added). It follows that for QBC to ratify the terms of the 2007 E-mail, the document first must meet the requirements of the Statute of Frauds, which it does not. *See* discussion *supra* § A(i). "Thus, there was no contract capable of being ratified." *Id*. at 928. There is no clear error by the magistrate judge on this issue, and the objection is overruled.

## C. Unjust Enrichment

KJD argues that the magistrate erred in dismissing the unjust enrichment claim as duplicative of the breach of contract claim. Objs. at 13-14. QBC counters by noting that Plaintiff fully litigated this issue before the magistrate, and simply has cut and pasted text from its previous brief into its current one. *See* Objs. Resp. at 11-12; *compare* Objs. at 14, *with* Opp. Br. at 22. The Court agrees that this argument was already made to the magistrate judge and, at this juncture, the pertinent portion of the R & R is reviewed only for clear error. *Rolle*, 2014 WL 4662267, at *1 (internal citations omitted). Although the Court finds that dismissal of the unjust enrichment claim is appropriate, the Court reaches that conclusion for reasons different from those articulated by the magistrate judge.

Applying New York State law, the magistrate judge determined that a claim for unjust enrichment was available "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." R & R at 9 (internal citations and quotation marks omitted). Thus, an unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Id.* (internal citations and quotation marks omitted). Accordingly, the magistrate judge recommended dismissing the unjust enrichment claim as duplicative of the breach of contract claim and an attempted "catchall" claim. *Id.* While the Court agrees with the magistrate judge that the unjust enrichment claim should be dismissed, it does so on different legal grounds.

While an unjust enrichment claim is barred in certain actions as "duplicative," when a contract is governed by the Statute of Frauds in New York State, a plaintiff is *ipso facto* barred from claiming unjust enrichment. *Morgenweck v. Vision Capital Advisors, LLC*, 410 F. App'x 400, 402 n.1 (2d Cir. 2011) ("It is well settled that under New York law a plaintiff may not escape the

Statute of Frauds by attaching the label 'quantum meruit' or 'unjust enrichment' or 'promissory estoppel' to the underlying contract claim.") (internal citations omitted); *Bonsey v. Kates*, No. 13-CV-2708 (RWS), 2013 WL 4494678, at *7 (S.D.N.Y. Aug. 21, 2013) ("[I]t is well settled in New York that a plaintiff may not assert an unjust enrichment claim to circumvent the [S]tatute of [F]rauds.") (internal citations and quotation marks omitted).

Accordingly, since KJD asserted a breach of contract claim for an agreement governed by the Statute of Frauds, it was barred from alternatively pleading *quasi*-contract theories of recovery. Consequently, the Court agrees with the magistrate judge's recommendation that the unjust enrichment claim must be dismissed.

**D.** **Leave to Amend**

In a final argument, contained in a footnote, Plaintiff complains that the magistrate judge did not address specifically its request that it be granted leave to file an Amended Complaint. Objs. at 3 n.2. Although the magistrate judge did not address KJD's request explicitly, he recommended dismissal without reservation, which the Court interprets as dismissal with prejudice. *See Stern v. Gen. Elec. Co.*, 924 F.2d 472, 478 n.8 (2d Cir. 1991) (internal citations omitted). In making that recommendation, the magistrate judge necessarily rejected KJD's request to file an Amended Complaint. As this issue was before the magistrate judge, the Court reviews the magistrate judge's recommendation for clear error. *Rolle*, 2014 WL 4662267, at *1 (internal citations omitted).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, "the district court has discretion whether or not to grant leave to amend, and its discretion is not subject to review on appeal except for abuse of discretion." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (internal citations and quotation marks omitted). "Where it

9

appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Id*. (internal citations omitted).

Before the magistrate judge, KJD simply argued that, if given the chance to amend the Complaint, it would "add allegations concerning QBC's own internal admissions . . . detail how QBC assigned its Director of Corporate Sales and Services . . . the task of finding a way out" and how that executive admitted that QBC was "obligated" to KJD. Opp. Br. at 17 n.3. However, KJD has not explained how these additional facts, even if true, would assist in overcoming the barrier presented by the Statute of Frauds. *See generally* Opp. Br.; Objs. Indeed, Plaintiff did not even file a proposed Amended Complaint for the Court's review. *See Rosendale v. Iuliano*, 67 F. App'x 10, 14 (2d Cir. 2003) ("Without a proposed pleading, the district court could not determine whether [the plaintiff's] claim could survive a motion to dismiss, whether it was futile, or whether it was frivolous.") (internal citation omitted); *see also State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (explaining that failure to submit a proposed amended complaint "indicates lack of diligence and good faith") (internal citation omitted).

Since Plaintiff has failed to attach a proposed Amended Complaint for the Court's review, allege the existence of any additional writing that would satisfy the New York State Statute of Frauds, or explain how additional facts would allow it pursue *quasi*-contract claims, the Court agrees with the magistrate judge that granting KJD leave to amend would be futile. As such, the implicit recommendation to dismiss the action with prejudice is not clearly erroneous and the objection is overruled.

## **CONCLUSION**

Upon due consideration and review, as discussed above, and including those portions of the R & R to which Plaintiff did not object, the recommendations contained in the R & R are adopted in their entirety. Accordingly, the action is dismissed in its entirety and Plaintiff is denied leave to file an Amended Complaint as doing so would be futile.

SO ORDERED.

Dated: Brooklyn, New York
      March 24, 2017

/s/
DORA L. IRIZARRY
Chief Judge